BOWERMAN *v.* BOWERMAN.

1. DIVORCE — ALIMONY — DETERMINATION OF ALLOWANCE — MATTERS CONSIDERED.

> In determining the allowance to a wife, on granting her a divorce, the value of the homestead will be taken into consideration though the title stands in the name of the parties as tenants in the entirety, where the title once stood in the husband and was conveyed upon no consideration except the discontinuance of a prior divorce suit.

2. SAME—PROPRIETY OF AWARD.

> Where a husband, against whom a decree for divorce is granted, is shown to be possessed of an estate of the value of $7,553, including a homestead of the value of $1,200, is 52 years of age and physically unable to perform manual labor, though able to earn some income in other service, and the wife is 47 and able to do something toward her own support, an award of alimony to her consisting of the household goods, the homestead, $2,000 in money, and $25 per month until the older of the two children shall reach the age of 17 years, and $12.50 per month until the younger child shall reach the age of 16 years, is excessive, and the money payment should be reduced to $1,000 cash, and $8 per month for the use of each child until they shall, respectively, reach the age of 16 years

Appeal from Van Buren; Des Voignes, J.  Submitted
June 20, 1906.  (Docket No. 111.)  Decided September
20, 1906.

Bill by Mary E. Bowerman against Samuel R. Bower-
man for a divorce.  From a decree for complainant, de-
fendant appeals.  Modified.

*Wicksall & Cogshall,* for complainant.

*Dallas Boudeman,* for defendant.

MONTGOMERY, J.  A divorce absolute was granted to
complainant, together with an award of alimony of the
household goods, the homestead, $2,000 in cash, and $25
per month until the elder of the two children of the parties
should reach the age of 17 years, and $12.50 per month
thereafter until the younger should reach the age of 16
years.  We are asked to review this award of alimony,
and to reduce the amount.  The property of defendant
consisted at one time of the homestead, which we find to
be worth about $1,200; two lots and a house in the city of
South Haven, directly opposite the homestead, worth
about $1,700; four lots in Chicago worth about $500; a
small farm on the lake shore south of South Haven, which
was not productive of an income more than sufficient to
pay taxes, and a small return in addition upon which the
estimates vary radically.  This property, as a farm, would
be highly valued at $2,250, but it is shown to have a
larger speculative value as resort property.  The demand
for property for such use is shown to have been very little
during the last two years.  We are satisfied that as an
available asset with which to meet the charges imposed
by the decree it would be wholly unsafe to estimate this
property as worth more than $5,000.  Defendant also had
in cash about $300, making a total of property to be con-
sidered $8,700.  Defendant owes $1,147, leaving the net
worth $7,553, aside from household furniture.  We have
included the homestead although the title stands in the

name of the two parties as tenants in the entirety for the reason that the title once stood in defendant and was conveyed to complainant upon no consideration except the discontinuance of a prior divorce suit.   We have then a net estate of $7,553 to be considered.

It is obvious that this estate cannot be divided so as to produce an income sufficient to support complainant and the two children in any reasonable style of living and leave to the defendant any means of support except his own labor.  He is shown not to be physically able to perform hard manual labor, but is capable of earning some income in other service.   He is 52 years of age, and complainant 47.   She is apparently capable of doing something toward her own support.   In these circumstances we think a fair allowance to complainant will be the homestead and household furniture, and an additional sum of $1,000.   Defendant should also be required to give security to pay into complainant's hands $8 per month for the use of each child until they shall, respectively, reach the age of 16 years. The complainant, as a condition to the receipt of these items, should be required to release her dower interest in defendant's lands.

The decree is so modified.

CARPENTER, C. J., and McALVAY, OSTRANDER, and MOORE, JJ., concurred.